IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20555
Conference Calendar
_____


JAY NOLAN RENOBATO,

                                        Plaintiff-Appellant,

versus

BUREAU OF THE PUBLIC DEBT,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-425
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Jay Nolan Renobato appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction.  The district court dismissed Renobato's complaint, determining that the United States was the proper party defendant, that the exception provided in 28 U.S.C. § 2680(i) to the Federal Tort Claims Act's waiver of sovereign immunity covered Renobato's claims, and that sovereign immunity barred Renobato's claims. Renobato has not provided an argument, containing his "contentions and the reasons for them, with citations to the

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authorities and parts of the record on which the appellant relies" sufficient to challenge the district court's reasons for dismissing his complaint. Fed. R. App. P. 28(a)(9); *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (general arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal). Accordingly, he has abandoned the issue before the court. *See Brinkmann*, 813 F.2d at 748.

Even on the merits, Renobato's appeal is without arguable merit and is frivolous. *See* 28 U.S.C. § 2680(i); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5th Cir. R. 42.2.

APPEAL DISMISSED AS FRIVOLOUS.